# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48645-8-II |
| Respondent, | |
| v. | |
| JESSE ALLEN EISENHOWER, | UNPUBLISHED OPINION |

SUTTON, J. — Jesse A. Eisenhower appeals the trial court's community custody condition requiring that he remain out of places where alcohol is the chief item of sale.  The trial court did not have that authority to impose the condition because the condition is not crime-related.  Accordingly, we reverse and remand to the trial court with instructions to modify the judgment and sentence and strike the community custody condition.

### FACTS

On February 23, 2016, Eisenhower pleaded guilty to one count of taking a motor vehicle without permission, one count of possession of a controlled substance – methamphetamine, and one count of third degree escape.  At sentencing, the trial court found that Eisenhower has a chemical dependency that contributed to his offenses.  As part of Eisenhower's community custody, the trial court ordered Eisenhower to "abstain from the use of alcohol and remain out of places where alcohol is the chief item of sale."  Clerk's Papers at 18.  Eisenhower appeals this community custody condition.

ANALYSIS

We review de novo whether a trial court has statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). When sentencing imposing community custody, the trial court has discretion to impose crime-related prohibitions. RCW 9.94A.703(3)(f). "Crime-related prohibition" is one that involves "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). Although a trial court has the authority to prohibit alcohol consumption, it lacks authority to prohibit purchase and possession of alcohol unless alcohol is "reasonably related to the circumstances of [the defendant's] alleged offenses." *State v. McKee*, 141 Wn. App. 22, 34, 167 P.3d 575 (2007).

Here, the trial court made a finding that chemical dependency contributed to Eisenhower's offense, but there was no evidence that frequenting places where alcohol is the chief item for sale was related to Eisenhower's offenses. Therefore, the condition is not crime-related under RCW 9.94A.030(10). Because the community custody condition is not crime-related, the trial court erred by imposing a community custody condition prohibiting Eisenhower from entering places where alcohol is the chief item of sale.

No. 48645-8-II

We reverse and remand to the trial court with instructions to modify the judgment and sentence and strike the community custody condition prohibiting Eisenhower from entering places where alcohol is the chief item of sale.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.

3